UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY PARCELL GIBSON,

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

_____/

Case No. 1:07-CV-491
(Criminal Case No. 1:04-CR-20)

HON. GORDON J. QUIST

# OPINION

  This Court has before it Stacey Parcell Gibson's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

  Further, the Court notes that Petitioner was represented by counsel in filing this § 2255 motion. As explained below, Petitioner's claim fails on four grounds, and the Court is dismayed that an attorney would file such a frivolous motion. Even the briefest amount of research, particularly looking at the plea agreement, would have disclosed that the motion would be unsuccessful.

I.      **Procedural History.**

On May 10, 2004, Petitioner pled guilty to one count of conspiring to distribute over 500 grams of cocaine and over 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(ii). On August 10, 2004, this Court sentenced Petitioner to 108 months incarceration. Judgment was entered on August 13, 2004, and Petitioner filed an appeal with the Court of Appeals for the Sixth Circuit. On January 31, 2006, the Sixth Circuit affirmed the sentence, and a Mandate was issued on February 23, 2006.

On May 21, 2007, Petitioner filed this motion under 28 U.S.C. § 2255. The essence of this motion is that this Court sentenced Petitioner in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) by finding that Petitioner was an "organizer or leader" in the criminal activity and enhancing his sentence.

II.     **Discussion**.

   A.   **Time Barred.**

First, Petitioner's claim fails because it is untimely under the statute of limitations provision set forth at 28 U.S.C. § 2255. This provision provides that the one-year statute of limitations begins to run from the latest of several dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Sixth Circuit has held that:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004)(citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)). Here the one-year statute of limitations would have commenced ninety days after the Sixth Circuit issued its opinion on January 31, 2006. Sup.

Ct. Rule 13.  Thus, Petitioner would have had until May 1, 2007 to file his § 2255 petition or any supplements to that petition.  Because the petition was not filed until May 21, 2007, it is untimely under this provision.

Normally, the Court would provide Petitioner with notice and an opportunity to be heard on the statute of limitations issue.  *See Day v. McDonough,* 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006).  However, because this motion is dismissed on other grounds below, notice and an opportunity to be heard on the statute of limitations issue would be futile and will not be provided here.

B. **Waiver.**

Second, Petitioner's claim fails because, in his plea agreement, Petitioner waived his right to collaterally attack his conviction and sentence.  Specifically, paragraph 9(g) of the plea agreement states that "The Defendant also expressly waives his right to challenge his conviction or sentence in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255."  *See* Plea Agreement ¶ 9(g).

The Sixth Circuit has explicitly recognized that such a waiver is enforceable.  *See In re Acosta,* 480 F.3d 421 (2007) ("a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable"); *see also United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (a defendant may waive any constitutional right, including the right to appeal, in a plea agreement).  The plea agreement is not invalidated by subsequent changes in the law.  *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 546 U.S. 862, 126 S.Ct. 145 (Oct. 3, 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea

3

involuntary or unknowing or otherwise undo its binding nature.") Thus, Petitioner has waived his right to collaterally attack his sentence and to raise the arguments set out in his § 2255 motion, particularly his argument that he was sentenced in violation of *Apprendi*.

### C. Claim Has Been Decided on Appeal.

Third, Petitioner's claim must fail because Petitioner already made these arguments on direct appeal before the Court of Appeals for the Sixth Circuit. *See United States v. Gibson,* 165 F. App'x 421 (2006). In the opinion, the Sixth Circuit explicitly addressed the enhancement of Petitioner's sentence and held that "the district court did not err in concluding that Gibson held a leadership role in the drug ring." *Id.* at 3.

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *see also Wright v. United States,* 182 F.3d 458, 467(6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *See DuPont*, 76 F.3d at 110-11. No such exceptional circumstances exist here.

### D. Defendant was Not Sentenced Above the Statutory Maximum.

Fourth, Petitioner's claim fails because his sentence did not violate *Apprendi*. *Apprendi* applies only where the finding increases the penalty for a crime beyond the prescribed statutory maximum. *Apprendi* does not apply to the guidelines. *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001). Here, Petitioner was not sentenced beyond the prescribed statutory maximum for

a violation of 21 U.S.C. §§ 846 and 841(a)(1), which is not less than ten years nor more than life imprisonment. *See* Plea Agreement ¶ 3. Thus, although Petitioner faced a possible life sentence, he was sentenced to only 108 months. In fact, the Court reduced Petitioner's sentence by five levels for substantial assistance to the government, and sentenced him below the ten-year minimum.[1] Sentencing Tr. at 26.

**III.     No Certificate of Appealability**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

---

[1] The government stated at the sentencing hearing that it would not object if the Court rendered a sentence below the ten-year minimum. Sentencing Tr. at 27.

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: September 28, 2007                        /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE